JOHN TAYLOR, Plaintiff in Error, v. CHARLES E. MOSS,
Defendant in Error.

### Kansas City Court of Appeals, April 15, 1889.

**Mandamus:** SUFFICIENCY OF ALTERNATIVE WRIT: AMENDMENT. The
alternative writ in this case being in substance the same as the one
held sufficient in *State ex rel. Taylor v. Moss, ante,* p. 441, it
should not have been quashed; and, if not free from technical
objection the court should have permitted its amendment.

*Error to the DeKalb Circuit Court.*—HON. O. M.
SPENCER, Judge.

REVERSED AND REMANDED (*with directions*).

*S. G. Loring,* for defendant in error.

Same as on page 442.

*Harwood & Miller,* for plaintiff in error.

(1)   The court erred in holding that the original
petition did not show jurisdiction in the county court
to grant the license.  Taylor's right to the license had
been judicially ascertained and it was not necessary to
state the facts upon which the judgment was based.
*School Dist. v. Landerbaugh,* 80 Mo. 190.   It was not
necessary that the pleader should use the exact words
of section 3551.   The return conclusively established the
jurisdiction of the county court and cured all defects if
there were any in the original petition.   Bliss on Code
Plead. (1 Ed.) sec. 437; 1 Chitty Plead. 671; *United
States v. Morris,* 10 Wheat. 246 ; *Slock v. Lyon,* 9 Pick.
62.   (2)   But, if the petition was defective, relator had
a clear right to amend ( R. S., sec. 3585), and it was error
to dismiss relator s proceeding when he was ready and

offered to amend. Section 3585, Revised Statutes of Missouri, expressly enacts that amendments shall be allowed in *mandamus* proceedings.

SMITH, P. J.—The record in this case is essentially the same as that in the case between the same parties, already decided at the present term. In this case however the circuit court held the alternative writ insufficient although in substance and in form the same as in the other case, where it was ruled to be sufficient.

When the court had held said writ defective and insufficient in its allegations the relator offered to file an amended writ to meet the views of the court which offer was refused.

The court thereupon dismissed the proceeding, from which judgment the relator appealed to this court.

We think as the alternative writ in this case is in substance the same as the one we held to be sufficient in the case just referred to, and that it should not have been quashed. And if not free from technical objections, the court should have permitted the relator to have obviated the same by amendment. The statute ( R. S., art. 6, ch. 59,) makes ample provision in respect to amendments in proceedings of this kind.

Under the practice as it prevailed in the common-law courts of Great Britain this ruling of the circuit court was well enough, but under our system of practice it was erroneous.

The court should have permitted the amendment on such terms as to it seemed just. What is said in the opinion in the other case, already referred to, in most part is applicable here.

We will reverse the judgment of the circuit court, with directions to allow the relator to file an amended writ, if he so desires, and then to proceed with the case in conformity to law. In this conclusion, all concur and it is so ordered accordingly.